No. 24-4195

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

CHRISTINA ST. CLAIR

Appellant,

v.

OKANOGAN COUNTY, WASHINGTON, a municipal
corporation; and ISAIAH HOLLOWAY, an individual and
employee of the OKANOGAN COUNTY SHERIFF'S
OFFICE

Respondents-Appellees.

_____

ANSWERING BRIEF OF RESPONDENT - APPELLEE
OKANOGAN COUNTY
_____

Patrick McMahon, WSBA #18809
Carlson & McMahon, PLLC
715 Washington Street
P.O. Box 2965
Wenatchee WA 98807-2965
(509) 662-6131

Attorney for Respondent – Appellee Okanogan County

# TABLE OF CONTENTS

**<u>PAGE</u>**

No. 24-4195 ................................................................ 1

I.   INTRODUCTION/JURISDICTION ................................... 1

II.  MOTION TO EXCLUDE .................................................. 3

III. ARGUMENT ................................................................ 3

A.   Standard of Review For Rule 59(e) Motion. ................ 4

B.   The Court's Rule 12(b)(6) Order Should Not be
Reversed. .................................................................. 6

1.   Rule 12(b) Standard Outlined. ................................. 6

2.   *Monell* Outlined. ..................................................... 8

**C.**   Appellant Misrepresents Different Job Assignments
Erroneously Calling Them Promotions and/or Ratification**.** 11

D.   Appellant's Complaint Regarding Inadequate
Management and Recordkeeping is a Misplaced Red Herring
Argument. ............................................................... 13

E.      The District Court Correctly Analyzed Plaintiff's FAC. …………………………………………………………14

F.      The District Court Properly Denied Appellant's Motion to Amend Complaint............................................................ 16

**G.**      State Court Claims Properly Dismissed as to Okanogan County.................................................................... 21

IV.   CONCLUSION ................................................................ 23

CERTIFICATE OF SERVICE

STATEMENT OF RELATED CASES

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

<u>**PAGES**</u>

**Cases**

AmerisourceBergen Corp. v. Dialysist W. Inc., 465 F.3d 946
(9th Cir. 2006) ........................................................................ 17

Antonius v. King County, 153 Wn.2d 256 (2000) .................. 22

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ...................................... 7

Associated General Contractors of Calif., Inc. v. California
State Council of Carpenters, 459 U.S. 519 (1983) ................ 7

Beck v. City of Pittsburgh, 89 F.3d 966 (3rd Cir. 1996)..... 10, 11

Bell ATL. Corp. v. Twombly, 550 U.S. 544 (2007).............. 7, 8

Bonin v. Calderon, 59 F.3d 815 (9th Cir. 1995) ...................... 19

Carroll v. Nakatani, 342 F.3d 934 (9th Cir. 2003) ...................... 4

Chinatown Neighborhood Ass'n. v. Harris, 794 F.3d 1136 (9th
Cir. 1998) ............................................................................. 18

Christianson v. Colt Indus. Operating Corp., 486 U.S. 800
(1988) ..................................................................................... 5

Cook v. Brewer, 637 F.3d 1002 (9th Cir. 2011) ......................... 8

Daniels v. Williams, 474 U.S. 327 (1996) ......................... 13, 21

Dever v. Fowler, 63 Wn.App. 35 (1991) ................................ 14

Doe v. United States, 58 F.3d 494 (9th Cir. 1995).................... 17

Gillette v. Delmore, 979 F.2d 1342 (9th Cir. 1992).................... 9

In re Tracht Gut., LLC, 836 F.3d 1146 (9th Cir. 2016) ........... 17

Janaszak v. State, 173 Wn.App. 703 (2013) ........................... 14

Johnson v. Buckley, 356 F.3d 1067 (9th Cir. 2004) ........... 18,19

Kona Enters., Inc. v. Estate of Bishop, 299 F.3d 877 (9th Cir. 2000) ...................................................................... 5

Lloyd v. CVB Fin. Corp., 811 F.3d 1200 (9th Cir. 2016).......... 6

Lowry v. Barnhart, 329 F.3d 1019 (9th Cir. 2003) .................... 3

Lytle v. Carl, 382 F.3d 978 (9th Cir. 2004) ............................... 9

Marshall Naify Revocable Trust v. United States, 672 F.3d 620 (9th Cir. 2012).................................................................... 7

McDowell v. Calderon, 197 F.3d 1253 n.1 (9th Cir. 1999)........ 4

Metzler Investors GMBH v. Corinthian Colleges, Inc., 540 F.3d 1049 (9th Cir. 2008)......................................................... 8, 20

Monell v. NY Dept. Soc. Svcs., 436 U.S. 658 (1978) .. 8, 10, 12, 14, 15, 20, 21, 22

Navajo Nation v. Confederated Tribes and Bands of Yakima Nation, 331 F.2d 1041 (9th Cir. 2003) ................................... 5

Orange St. Partners v. Arnold, 179 F.3d 656 (9th Cir. 1999) ..... 4

Schwarz v. Kijakazi, 2023 U.S. App. LEXIS 31645*4 ............. 6

Steckman v. Hart Brewing, Inc., 143 F.3d 1293 (9th Cir. 1998) ....................................................................................... 18

Taylor v. Yee, 780 F.2d 928 (9th Cir. 2015)............................. 7

Tellabs, Inc. v. Makor Issues and Rights Ltd., 551 U.S. 308 (2007) ............................................................................... 8

Trevino v. Gates, 99 F.3d 911 (9th Cir. 1996) .......................... 9

Turner v. Burlington N. Santa Fe R. R. Co., 338 F.3d 1058 (9th Cir. 2003) ........................................................................ 4

Van Ort v. Estate of Stanewich, 92 F.3d 831 (9th Cir. 1996), cert denied, 519 U.S. 1111 (1997).......................................... 9

Vincent v. Trend W. Technical Corp., 828 F.2d 563 (9th Cir. 1987) ................................................................................ 18

Weeks v. Bayer, 246 F.3d 1231 (9th Cir. 2001) ........................ 4

Welch v. Biggs, 2000 Wash. at LEXIS 2435*11.................... 22

World Wide Rush, LCC v. City of Los Angeles, 606 F.3d 676 (9th Cir. 2010) .................................................................. 17

**Statutes**

42 U.S.C. § 1983 .................................................................. 13, 21

RCW 4.16.020(2) ....................................................................... 22

RCW 49.16 ................................................................................ 22

**Rules**

12(b)(6) .................................................... 1, 6, 7, 8, 16, 19, 20, 23

LCivR 7(c)(B) ............................................................................... 1

Rule 59(e) ................................................... 2, 3, 4, 5, 6, 19, 23

# I.  **INTRODUCTION/JURISDICTION**

The Appellant filed her initial Complaint on September 26, 2023.  3–ER-497-546.  The County promptly filed its initial 12(b)(6) Motion for Dismissal on October 27, 2023, with a hearing date without oral argument scheduled for December 22, 2023.  3–ER-480-96.  The local rule for responding to a dispositive motion in the Eastern District of Washington Federal Court is twenty-one (21) days.  LCivR 7(c)(B).

The Appellant obviously educated by the motion that her complaint was subject to complete dismissal, on the last date to file a response, responded with a pleading advising the court that on November 17, 2023, a First Amended Complaint was being filed rendering the pending dismissal motion moot.  3– ER-410-13.  The Appellant's First Amended Complaint (FAC) ballooned to an additional sixteen (16) pages in length.  3 – ER-414-79.  The county filed its 12(b)(6) motion to dismiss the FAC on November 27, 2023.  3–ER-390-409.  The court

granted the motion and dismissed Plaintiff's Complaint with prejudice on February 12, 2024.  1– ER-21-47.

The Appellant's Motion to Alter and Amend the Motion to Dismiss was filed on March 11, 2024.  2–ER-96-223.  The Appellant had not moved the court for leave to file a Second Amended Complaint (SAC) prior to filing her motion to amend the judgment.  The court, after briefing from the respective parties and considering itself fully advised, denied Plaintiff's Motion for Reconsideration pursuant to Rule 59(e).  1–ER-2-19.  The Appellant filed for notice of appeal with this court on July 9, 2024 seeking review and reversal of the court's orders. 3–ER-547-600.

Disturbingly, the Appellant challenges the integrity of the seasoned District Court Judge, criticizing the court for "failing to acknowledge" "let alone address" her 102-page proposed SAC.  (See Appellant's Opening Brief at pg. 16).  The court, however, reviewed the documents and considered itself fully advised.  Further, the Appellant fails to present any argument

applying the Rule 59(e) standards and has consequently waived any argument that the court's denial of reconsideration should be reversed.

## II. MOTION TO EXCLUDE

The Appellant impermissibly informs the panel of a pending appeal involving Detective Holloway in another case which is not part of the record, is irrelevant, and prejudicial. It is clear that "save in unusual circumstances, we [appellate court] consider only the district court record on appeal." Lowry v. Barnhart, 329 F.3d 1019, 1024 (9th Cir. 2003). As such, the reference on page 9 of Appellant's Opening Brief is not part of the record, has been inserted for untoward reasons and should be disregarded by the panel.

## III. ARGUMENT

This court should affirm the District Court's dismissal of the Appellant's FAC and affirm the Court's Denial of Plaintiff's Motion for Reconsideration, and Leave to Amend.

**A.**   <u>**Standard of Review For Rule 59(e) Motion**</u>.

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003) A Rule 59(e) motion "should not be granted, absent highly unusual circumstances." <u>Orange St. Partners v. Arnold</u>, 179 F.3d 656, 665 (9th Cir. 1999). There are four (4) circumstances that generally qualify: "(1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law." <u>Turner v. Burlington N. Santa Fe R. R. Co.</u>, 338 F.3d 1058, 1063 (9th Cir. 2003), (quoting <u>McDowell v. Calderon</u>, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999). This is a "high hurdle" for the moving party to meet. <u>Weeks v. Bayer</u>, 246 F.3d 1231, 1236 (9th Cir. 2001). In the absence of new

evidence or a change in controlling law, a "Rule 59(e) motion may not be used to raise arguments for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 299 F.3d 877, 890 (9th Cir. 2000). As a rule, courts should be loathe to upset prior decisions in the absence of extraordinary circumstances such as when the decision was "clearly erroneous and would work a manifest injustice." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). Therefore, whether to grant a motion for reconsideration is within the sound discretion of the trial court. Navajo Nation v. Confederated Tribes and Bands of Yakima Nation, 331 F.2d 1041, 1046 (9th Cir. 2003).

Here, the Appellant *inter alia* is seeking review of the district court's order denying her motion for reconsideration. 3-ER-547-600. The Appellant challenged the court's dismissal of her claim pursuant to Federal Rule of Civil Procedure 59(e). However, it is well established that an Appellant's failure to argue an issue in the opening brief, much less on appeal more

generally, waives the issue. See <u>Schwarz v. Kijakazi</u>, 2023 U.S. App. LEXIS 31645*4. Here, the Appellant must clearly have realized that she fails to meet the requirements of Rule 59(e), and waived the argument, thereby confining herself a review of the 12(b)(6) dismissal and the discretionary ruling denying the motion to amend the complaint. Nowhere in Appellant's opening brief does she discuss, analyze or apply the Rule 59(e) elements in support of her appeal, and it is waived.

**B.** **<u>The Court's Rule 12(b)(6) Order Should Not be Reversed</u>.**

**1.** **Rule 12(b) Standard Outlined.**

The only operative complaint for the court is Plaintiff's First Amended Complaint. 3-ER-414-79. The review of a Rule 12(b)(6) dismissal is *de novo*, accepting all well-pleaded factual allegations as true. <u>Lloyd v. CVB Fin. Corp.</u>, 811 F.3d 1200, 1205 (9th Cir. 2016). "A judgment on the pleadings is properly granted when, taking all of the allegations in the non-moving party's pleadings as true, the moving party is entitled to

judgment as a matter of law." <u>Marshall Naify Revocable Trust v. United States</u>, 672 F.3d 620, 623 (9th Cir. 2012). A claim must be dismissed pursuant to Rule 12(b)(6) either for lack of a cognizable legal theory or failure to allege sufficient facts to form a cognizable legal theory. <u>Taylor v. Yee</u>, 780 F.2d 928, 935 (9th Cir. 2015). To survive a motion to dismiss under Rule 12(b)(6) a complaint must allege enough facts to state a claim to relief as plausible on its face. <u>Bell ATL. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim is plausible on its face where the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). Threadbare recitals of the elements of a cognizable action, supported by mere conclusory statements cannot suffice. <u>Id</u>. Further, it is improper for a court to assume that the Plaintiff "can prove facts which [he or she] has not alleged." <u>Associated General Contractors of Calif., Inc. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983) "A

plaintiff must provide more than an unadorned 'the defendant-harmed-me' accusation." Twombly, 550 U.S. at 555. "A party's reliance on speculative and conclusory allegations is insufficient to state a facially plausible claim." Cook v. Brewer, 637 F.3d 1002, 1008 (9th Cir. 2011). Finally, when deciding a 12(b)(6) motion, the court's review is limited to the complaint, documents incorporated into the complaint by reference, and judicial notice. Metzler Investors GMBH v. Corinthian Colleges, Inc., 540 F.3d 1049, 1061 (9th Cir. 2008) (citing Tellabs, Inc. v. Makor Issues and Rights Ltd., 551 U.S. 308, 322 (2007)). The district court correctly analyzed the operative FAC under 12(b)(6) standards. Consequently, there is no basis for reversal.

### 2. *Monell* Outlined.

To establish Municipal liability, a plaintiff must show that (1) she was deprived of her constitutional rights; (2) the county had a policy, practice, or custom; (3) the policy, practice or custom amounted to deliberate indifference to one or more of

plaintiff's constitutional rights; and (4) the policy, practice or custom was the "moving force behind the constitutional violation." Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996), *cert denied,* 519 U.S. 1111 (1997). A policy, practice or custom can be established in three ways: (1) an employee acts pursuant to an expressly adopted official policy, (2) an employee acts pursuant to a longstanding practice or custom, or (3) an employee acts as the final policymaker. Lytle v. Carl, 382 F.3d 978, 982-83 (9th Cir. 2004). Absent a formal governmental policy, a plaintiff must show a "long-standing practice or custom which constitutes the standard operating procedure of the governmental entity." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (quoting Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded on practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Id. at 918.

The Appellant's operative FAC confines itself to allegations involving quid pro quo sexual exchanges between herself and former Deputy Holloway. It is important to note that the St. Clair Complaint occurred in December 2014, and she provides no evidence of an informal practice or custom, ignored by OCSO officials, prior to her event. Indeed, being the first to allege a purported *Monell* complaint did not adequately put the county on notice of such a practice, because St. Clair, herself, denied anything remotely violating the Constitution took place between herself and Holloway (*See* Monell v. NY Dept. Soc. Svcs., 436 U.S. 658 (1978) 1-ER-018. Since no constituted violation occurred, the St. Clair affirmative decision to not tell OCSO of the incident, meant there was no cause to reprimand or closely monitor/supervise Holloway. It was a one-time sporadic allegation bearing no evidentiary fruit.

The district court correctly analyzed and distinguished the Appellant's reliance on Beck v. City of Pittsburgh, 89 F.3d 966, 975 (3rd Cir. 1996) pointing out that numerous complaints

made against a single officer were made before the incident giving rise to the litigation. <u>Id</u>. at 89 F.3d at 393; 1-ER-14-15. The other complaints made against Holloway were not made by the alleged victim herself, of a quid pro quo abuse, were separated in time from the initial 2014 St. Clair incident, and consequently, fail to show a pattern or practice of unreasonable behavior of which the county had knowledge. <u>Id</u>. Moreover, Plaintiff pleaded an insufficient factual basis that these other events involved the commission of crimes or that the OCSO had a reason to know of the quid pro quo relationship that relates to and/or violated St. Clair's constitutional rights. The district court correctly quoted and applied the concept that there was no persistent widespread . . . practices, systematic maladministration of the laws, practices that are permanent and well settled, and deeply embedded traditional ways of carrying out policy. 1-ER-13-14.

**C. <u>Appellant Misrepresents Different Job Assignments Erroneously Calling Them Promotions and/or Ratification</u>.**

The Appellant concedes that Holloway was reprimanded for his interaction with V.O.  3-ER-447 ¶ 198.  She then uses self-serving language to imply without supporting facts that the change in job assignment from Deputy Sheriff to Detective nearly six (6) years following her 2014 incident with Holloway was a promotion and fails to make any logical connection that it demonstrates a *Monell* violation violating her rights.  It is nothing more than conclusory language.  The Appellant engages in the same reckless pleading by conducting without supporting facts that JW was rewarded when promoted to a Sergeant's position in 2019 five (5) years after her incident with Holloway, and calls it turning a blind eye creating a *Monell* violation.  Again, nothing more than conclusory language.  The district court correctly analyzed . . . . "it is impossible to establish a throughline between incidents claimed to be constitutional violations with the incidents described absent facts that the OCSO was either not alerted to constitutional

violations or whether the investigation so strongly criticized by Appellant established the factual basis that the OSCO knew something was amiss.

**D.** **Appellant's Complaint Regarding Inadequate Management and Recordkeeping is a Misplaced Red Herring Argument.**

While the district court acknowledged that OSCO recordkeeping was poor, at best it amounts to perhaps negligence and nothing more. The Appellant has not pleaded a cause of action that the county owed her a particular right of duty for better recordkeeping. Negligence is not actionable under 42 U.S.C. § 1983 because a negligent act by a public official is not an abuse of government power, but merely a "failure to measure up to the conduct of a reasonable person." Daniels v. Williams, 474 U.S. 327, 332 (1996). It is simply too great of a leap to argue that employees knew that they could get away with sexual quid pro quo actions because of poor recordkeeping. Appellant's criticism of the investigation being

done poorly is also misplaced since Washington law does not recognize the duty flowing between the law enforcement in the course of a criminal investigation and the object of that investigation.  <u>Dever v. Fowler</u>, 63 Wn.App. 35, 45 (1991) *amended on denial of reconsideration (Dec. 20, 1991), amended, 824 P.2d 1237 (1992)*.  See also, <u>Janaszak v. State</u>, 173 Wn.App. 703, 725 (2013).

### E. <u>The District Court Correctly Analyzed Plaintiff's FAC</u>.

The Appellant attacks the lower court with the hyperbole that it "sifted through" her allegations and employed a "surgical divide and conquer" approach and "missed the forest for the trees" by correctly analyzing that she failed to state a claim under *Monell*.  Rather, the criticism of the court's detailed legal analysis both in the order to dismiss and the order denying reconsideration is the result of Appellant falling on her own Petard.  For it was the Appellant who claimed her *Monell* rights from a 2014 incident were violated by pointing to specific

14

complaints of other women purportedly subject to the same quid pro quo actions of Holloway. The deficiency in her approach are exemplified by the other events occurring years later (sporadic), and the FAC is void of any specific details of what acts occurred, when specifically these acts occurred, and to whom the alleged victim notified. In reality, the district court thoroughly analyzed the confusing mixture of allegations cobbled together in the FAC and could come to no other legal conclusion except the correct one – she failed to state a *Monell* claim. It is not enough to sensationalize the allegations together with as many criticisms of the OSCO as she can muster, and hope the same passes the scrutiny of and becomes a *Monell* scenario. Likewise, other than concluding that the training of how to deal with meth addicted criminal females was insufficient, she points to no deficiency in the training itself. The reality is, no training is needed to educate a law enforcement officer that they are not to engage in sexual quid pro quo activity under color of law. It is also self-evident, that

if a law enforcement officer intentionally chooses to engage in such activity, the behavior is unlikely to be thwarted by training.

Finally, there is no merit to Appellant's argument without reference to authority, that it was error to point out St. Clair's repeatedly denying having sex with Holloway.[1]  She cites to no case that it is not uncommon for sexual abuse victims to protect their abusers.  In reality, the county had no evidence that Holloway violated her rights and should be disciplined or fired when she claims not to be a victim.  Accordingly, this court is respectfully requested to affirm dismissal pursuant to the district court's sound 12(b)(6) analysis reviewed de novo.

F.    **The District Court Properly Denied Appellant's Motion to Amend Complaint**.

---

[1] Similarly, during the Velasco Ortega investigation, she also denied a sexual relationship with Holloway which allegedly occurred five (5) years after St. Clair's denial. 2-ER-446, ¶ 196.

Here, Appellant St. Clair never requested leave to amend her First Amended Complaint at any time prior to dismissal of her lawsuit. She has already amended her complaint once. While leave to amend should "be freely given when justice so requires," leave is not granted *carte blanche* when such amendment would cause prejudice or undue delay, is sought in bad faith, or would result in futility. See AmerisourceBergen Corp. v. Dialysist W. Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quotation omitted); See also In re Tracht Gut., LLC, 836 F.3d 1146, 1152 (9th Cir. 2016). The district court's discretion to deny leave to amend is particularly broad where plaintiff had previously amended the complaint. World Wide Rush, LCC v. City of Los Angeles, 606 F.3d 676, 690 (9th Cir. 2010). Dismissal without leave to amend is appropriate when the complaint cannot be cured by additional facts. Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

"A district court does not abuse its discretion in denying a motion to amend a complaint . . . when the movant presented

no new facts but only 'new theories' and provided no satisfactory explanation for its failure to fully develop his contentions originally." <u>Vincent v. Trend W. Technical Corp.</u>, 828 F.2d 563, 570-71 (9th Cir. 1987). It is important to note, that futility alone can justify the denial of a motion for leave to amend. <u>Id</u>. The district court correctly applied the futility standard.

In considering futility, leave to amend may be denied where a proposed amended pleading "either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." <u>Chinatown Neighborhood Ass'n. v. Harris</u>, 794 F.3d 1136, 1144 (9th Cir. 1998). See also, <u>Steckman v. Hart Brewing, Inc.</u>, 143 F.3d 1293, 1298 (9th Cir. 1998). (The general rule allowing amendment of pleadings "does not extend to cases in which any amendment would be an exercise in futility . . . or where the amended complaint would also be subject to dismissal. [.]). (citations omitted). "Futility alone can justify the denial of a motion to amend." <u>Johnson v.</u>

<u>Buckley</u>, 356 F.3d 1067 (9th Cir. 2004); <u>Bonin v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995).

The Appellant almost certainly acknowledges the futility of saving her 12(b)(6) dismissal based on bludgeoning the court with a 102-page SAC. Previously, the court laboriously sifted through Plaintiff's rambling and repetitive set of facts in denying her motion to reconsider dismissal under Rule 12(b)(6). 1-ER-001-019.

As the court below noted, the Appellant had already amended her complaint once. As previously pointed out, she did not move to amend prior to filing her Rule 59(e) motion. The court in its order considered itself fully advised in denying to amend based on futility. The Appellant's disregard for the court's decision is premised merely on a speculative complaint, alleging the court failed to acknowledge or address a 102-page SAC is a complaint without merit and the court's exercise of its sound discretion to refuse amending the complaint should remain intact.

Moreover, the county is prejudiced by Plaintiff attempting to add approximately 23 pages and 23 paragraphs of voluminous statements simply plagiarizing the WASPC audit. 2-ER-172-179. First, these hearsay statements do not correlate or reference in any fashion Appellant's *Monell* allegations and, therefore, are irrelevant. The Appellant failed to file any cause of action for defective record keeping. Allowing the addition of these statements is a thinly veiled attempt to preclude the county or County's subsequent 12(b)(6) motion into a summary judgment by blatantly incorporating the report into the Complaint. See <u>Metzler Investors GMBH v. Corinthian College Inc.</u>, 540 F.3d 1049, 1061 (9th Cir. 2008). Further, the Appellant failed to advise the district court why she was dilatory in not presenting these voluminous comments from the report in her First Amended Complaint. The tactic of throwing everything into an Amended Complaint to see what sticks should not be allowed at this stage of the proceedings.

The county is also prejudiced because adding these unrelated WASPC comments to the facts of the case improperly intermingles negligence concepts in an attempt to utilize the same as *Monell* violations.  At best, the comments in the report are potentially negligence but not *Monell* violations. Negligence is not actionable under 42 U.S.C. § 1983, because a negligent act by a public official is not an abuse of government power but merely a "failure to measure up to the conduct of a reasonable person."  Daniels v. Williams, 474 U.S. 327, 332 (1986).  The district court exercised its sound discretion in recognizing that such a tactic is an exercise in futility and will not preclude dismissal.  The county should not be prejudiced by dealing with such an overbroad complaint if allowed to be amended.

## G.   State Court Claims Properly Dismissed as to Okanogan County.

It should be noted that the district court did not grant the county's motion to dismiss the *Monell* claim pursuant to

expiration of Washington's 3-year statute of limitations. 1-ER-14-15. Nevertheless, the court did properly dismiss Appellant's WYLAD Complaint as well as her state court Complaints for Negligent Supervision and Negligent Retention.

WYLAD does not contain its own statute of limitations. Antonius v. King County, 153 Wn.2d 256, 261-62 (2000). Under the general rule, the statute of limitations for personal injury claims must bring the claim within the 3-year statute of limitations. RCW 4.16.020(2).

Further, the 3-year statute of limitations for personal injury actions governs claims for negligent supervision and retention. Welch v. Biggs, 2000 Wash. at LEXIS 2435*11. A cause of action for negligent injury occurs at the time the act or omission occurs. Id.

The court properly applied the statute of limitations to the WYLAD, RCW 49.16 claim citing Antonious for the proposition that the continuous violation doctrine was rejected. 1-ER-13. The Plaintiff's claim of having sex with Holloway in

2014 under a quid pro quo scenario, accrued at that time, and she knew as well that at that point in time her claim for negligent supervision and retention accrued as well.

The Appellant filed her initial complaint on September 26, 2023 – 3-ER-497-546 and her FAC on November 17, 2023 – 3-ER-414-479 both well beyond the accrual date of December 2014 and are consequently time barred. Consequently, the district court was correct in not allowing Plaintiff to amend her Complaint as legally it would have been futile. As such, the WYLAD state claim – the negligent supervision – and negligent retention claim were properly dismissed by the court and should not be reversed.

## IV.  CONCLUSION

This court is respectfully requested to affirm the district court's correct analysis under Rule 12(b)(6) dismissing Appellant's FAC. The Appellant waived and failed to present any argument, pursuant to Rule 59(e), that any new facts or evidence precluded dismissal. The district court correctly

applied Washington's 3-year statute of limitations and the state tort claims against the county should not be disturbed and remain dismissed. Finally, the court did not abuse its discretion in denying Plaintiff's motion to amend to an unwielding 102-page SAC and consequently did not abuse its discretion which should be affirmed by this court.

RESPECTFULLY SUBMITTED this 24TH day of September, 2024.

CARLSON & MCMAHON, PLLC

By  s/ Patrick McMahon
PATRICK MCMAHON, #WSBA 18809
Attorney for Respondent Okanogan County

WCRP05-002550A\PLE\BRIEF-092424

CERTIFICATION OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served in the manner noted a copy of the listed document on counsel below:

ANSWERING BRIEF OF RESPONDENT – APPELLEE OKANOGAN COUNTY.

Tyler Hotchkiss (Counsel for      [**X**]      Via Electronic Mail
Appellant St. Clair)

Amanda Bley Kuehn (Counsel   [**X**]      Via Electronic Mail
for Appellee Holloway)

SIGNED this 24th day of September, 2024 at Wenatchee, WA.

s/ Patrick McMahon
PATRICK MCMAHON, #WSBA 18809

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 17. Statement of Related Cases Pursuant to Circuit

### Rule 28-2.6 *Instructions for this form:*

*http://www.ca9.uscourtsgov/forms/form]7instructions.pdf*

**9th Circuit Case Number(s) 24-4195.**

The undersigned attorney or self-represented party states the following:

[ ]     I am unaware of any related cases currently pending in this court.

[ ]     I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[X]     I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

A related case exists in the Eastern District of Washington by the name of Velasco V. Okanogan County and Isaiah Holloway (the "Velasco Matter"). The Case No. is 2:22-cv-00195-TOR. The matter is on interlocutory appeal under 9th Circuit Case No. 24-4930 and a motion to stay is currently pending before the district court.

The Velasco matter involves the same defendants, and the same or closely related issues (i.e., very similar events). The Plaintiff (i.e., the alleged victim) is different.

Signature   s/ Patrick McMahon                    Date  09/24/2024

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

Instructions for this form:

http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s) <u>24-4195</u>.**

I am the attorney or self-represented party.

**This brief contains 5,086 words**, excluding the items exempted by Fed. R. App. P. 32(D. The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[X]    complies with the word limit of Cir. R. 32-1.

[ ]    is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1
.

[ ]    is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ]     is for a death penalty case and complies with the word limit of Cir. R. 32-4.

[ ]    complies with the longer length limit permitted by Cir. R. 32-2(b) because (select only one) :

[ ]    it is a joint brief submitted by separately represented parties,

[ ]    a party or parties are filing a single brief in response to multiple briefs, or

[ ]    a party or parties are filing a single brief in response to a longer joint brief. [ [ ] complies with the length limit designated by court order dated ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

Signature s/ Patrick McMahon        Date 09/24/2024